Angel BRITO–DELEON,
Petitioner/Plaintiff,

v.

John ASHCROFT, Attorney General of
the United States; Kevin Rooney, Act-
ing Commissioner of Immigration and
Naturalization Service; Edward
McElroy, New York District Director
for Immigration and Naturalization
Service; and Immigration and Natu-
ralization Service, Respondents/Defen-
dants.

No. 01 CIV.2839(LAP) (GWG).

United States District Court,
S.D. New York.

Jan. 28, 2002.

*ORDER ADOPTING REPORT AND*
*RECOMMENDATION*

PRESKA, District Judge.

Petitioner filed a Petition for a Writ of Habeas Corpus on April 4, 2001.

On November 29, 2001, the Honorable Gabriel Gorenstein, United States Magistrate Judge, issued a Report and Recommendation (the "Report") recommending that petitioner's petition for a writ of habeas corpus be denied, that the accompanying request for bail should be denied, and that the May 8, 2001 Order staying the removal or deportation of Brito–DeLeon should be vacated. The parties were given ten days to file written objections.

Having received no objections to Judge Gorenstein's November 29, 2001 Report and Recommendation and finding the Report to be well-reasoned and thoroughly grounded in the law, it is hereby

Ordered that the Report is adopted in its entirety and petitioner's petition is dismissed.

The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED

*REPORT AND RECOMMENDATION*

GORENSTEIN, United States Magistrate Judge.

Petitioner Angel Brito–DeLeon, who is in the custody of the Immigration and Naturalization Service ("INS") and subject to a final removal order, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the petition should be denied.

I. *STATEMENT OF FACTS*

Brito–DeLeon is a citizen of the Dominican Republic. *See* R. 65.[1] On September

---

**1.** References to "R. ___" are to the Certified    Administrative Record of Petitioner's removal

30, 1991, after entering the United States illegally on an unspecified prior date, Brito–DeLeon pleaded guilty to Attempted Criminal Sale of a Controlled Substance in the Third Degree in the New York Supreme Court, Bronx County and was sentenced to time served and five years probation. *See* Verified Petition for a Writ of Habeas Corpus and Complaint for Declaration [sic] and Injunctive Relief ("Petition"), ¶ 20; Exhibit A. On July 25, 2000, after a forty-day visit to the Dominican Republic, Brito–DeLeon attempted to reenter the United States, but was intercepted by INS officials at New York's JFK International Airport. *See* R. 112–19.

On July 25, 2000, the INS issued a Notice to Appear, alleging four grounds upon which Brito–DeLeon was inadmissible to and subject to removal from the United States under 8 U.S.C. § 1182(a): 1) as an alien who had been convicted of a controlled substance violation; 2) as an alien who the consular or immigration officer knows or has reason to believe is or has been an illicit trafficker of a controlled substance; 3) as an alien who, by fraud or willfully misrepresenting a material fact, seeks to procure a visa, other documentation, or admission into the United States or other benefit; and 4) as an immigrant not in possession of a visa, reentry permit, border crossing identification card or other valid entry document. *See* R. 120–23.

On August 8, 2000, a removal proceeding was held before Immigration Judge ("IJ") Alan A. Vomacka.[2] R. 42–46. Brito–DeLeon appeared without counsel, but told the IJ that an attorney, Megaly Lucas, had agreed to represent him. R. 44. Because Lucas was not present, the IJ adjourned

the removal proceedings for three days to permit her to appear. R. 45.

On August 11, 2000, the removal proceeding resumed. R. 47–53. Brito–DeLeon submitted a letter dated August 9, 2000, to the IJ from Lucas requesting an adjournment for over a month because she was going to be out of town. R. 48–49. After suggesting that he or his family call Lucas' office to have someone there refer another lawyer to Brito–DeLeon, the IJ again adjourned the proceedings for a week so that Brito–DeLeon could find "another lawyer to work on the case." R. 50–51.

On August 18, 2000, the proceeding resumed and Brito–DeLeon again appeared without counsel. R. 55. The IJ called Lucas' office, but no one answered her phone. R. 56. The IJ then stated that if Brito–DeLeon had a conviction relating to the sale of drugs he would not be able to reenter the country and that keeping him in detention for another four weeks while they waited for his attorney was not justified. R. 56–57. The judge continued:

> Well, I try very hard to make arrangements so people can have an attorney, but as far as I'm concerned, it's just not justified to put your case over for four weeks without any action at all. And I, I don't have any idea how to contact the attorney. So, as far as I'm concerned, I can put your case off one more time to see if you can find some substitute attorney or get in touch with Ms. Lucas. But the ruling I'm making is it just is not justified to wait until September 16th for her to return to the country.

R. 58. The IJ then stated he was going to adjourn the proceeding for another week

---

proceedings as compiled by the Executive Office for Immigration Review of the United States Department of Justice (Exhibit A to Respondents' Return, filed July 25, 2001).

**2.** This proceeding and all subsequent proceedings were conducted with a Spanish interpreter.

and told Brito–DeLeon: "If you don't have an attorney of some type to represent you on the 25th, it is possible that I will require you to go ahead and get started in your case speaking on your own." R. 59.

When the proceeding resumed on August 25, 2000, Brito–DeLeon again appeared without an attorney. R. 62. When questioned about this by the IJ, Brito–DeLeon stated that he was waiting for Lucas to return and that he could not afford to hire a new attorney. *Id.* The IJ decided to proceed with the hearing:

> Now, you're here in New York City, which I'm sure has more immigration attorneys than anywhere else in the country. And I simply cannot justify putting your case off because you feel there is only one lawyer who can represent you or can be found to help you. I'm sure you don't enjoy being here in custody but from the point of the Immigration Service, I believe it costs $100 a day to keep you in detention. And your attorney never actually asked permission from this Court to miss a hearing; she just sent a letter saying she couldn't be here for five weeks. And as far as I'm concerned this just isn't acceptable.

R. 63–64.

After being sworn in, Brito–DeLeon admitted that he was a citizen of the Dominican Republic and although he had applied to become a lawful permanent resident ("LPR") of the United States in 1995 or 1996, he had not yet been granted this status. R. 66. He also admitted that he was convicted, upon a guilty plea, of attempted sale of a controlled substance in the third degree in Bronx County, New York. R. 67. The IJ then found that based on Brito–DeLeon's 1991 drug conviction he was removable as an alien who has been convicted of a controlled substance offense and as an alien who the immigration officer knows or has reason to believe has

been involved in selling drugs. R. 70–71. Additionally, the IJ found that Brito–DeLeon did not have the proper documents to enter the United States. R. 71. Because the IJ did not have a copy of Brito–DeLeon's LPR application, in which, the INS alleged, Brito–DeLeon failed to disclose his 1991 drug conviction, he did not rule on the charge that Brito–DeLeon sought to obtain a visa or other benefits by fraud or misrepresentation. *Id.* The IJ ordered Brito–DeLeon's removal. R. 41, 75.

After the removal proceeding, Brito–DeLeon retained a new attorney, David Van Muraskin, to appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). *See* R. 39. In his appeal, Brito–DeLeon argued that he was denied his Sixth Amendment right to have counsel at the removal proceeding, that he was not made aware of the charges, that the court should not have proceeded without his LPR application file, and that he was eligible for relief under former 8 U.S.C. § 1182(c) (1994). R. 5–9.

On March 6, 2000, the BIA issued its ruling. R. 2–4. It found that Brito–DeLeon's due process rights were not violated when the IJ conducted the removal proceeding without Brito–DeLeon's attorney because the IJ first ascertained whether Brito–DeLeon desired representation and then adjourned the proceedings three times to allow Brito–DeLeon to have legal representation. R. 3. It next found that Brito–DeLeon was properly advised of the grounds of inadmissibility lodged against him. *Id.* It also found that because the IJ did not sustain the fraud or misrepresentation charge, Brito–DeLeon was not harmed by the failure of the INS to have his LPR application file at the hearing. *Id.* Finally, the BIA found that the IJ was not obligated to afford Brito–DeLeon an opportunity to apply for a

waiver under former 8 U.S.C. § 1182(c) because that relief is only available to LPR's and Brito–DeLeon is not an LPR. R. 3–4.

On April 4, 2001, Brito–DeLeon filed this habeas corpus petition. The petition requests that the District Court vacate the removal order, enjoin respondents from deporting Brito–DeLeon and grant him bail pending these proceedings. On May 8, 2001, this Court issued an order, without opposition by the Government, staying Brito–DeLeon's removal until further order of the Court.

## II. *DISCUSSION*

### A. *Jurisdiction*

At the outset, the Court notes that it has subject matter jurisdiction to entertain this petition. *See INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 2287, 150 L.Ed.2d 347 (2001) (habeas corpus jurisdiction under § 2241 was not repealed by the 1996 enactments of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act, Pub.L. No. 104–208, 110 Stat. 3009–546 ("IIRIRA")). Additionally, because the BIA affirmed the IJ's removal order, Brito–DeLeon has exhausted his administrative remedies and a district court may review the order. *See* 8 U.S.C. § 1252(d).

### B. *Merits*

#### 1. *Right to Counsel*

Brito–DeLeon contends that his Sixth Amendment right to counsel was arbitrarily denied by the IJ. *See* Petition at 10. An alien has no right to counsel, however, under the Sixth Amendment, *see, e.g., Michelson v. INS,* 897 F.2d 465, 467 (10th Cir.1990), but is instead provided with this privilege based on statute and procedural due process protections afford-

ed by the Fifth Amendment. *See generally Iavorski v. U.S. INS,* 232 F.3d 124, 128 (2d Cir.2000); 8 U.S.C. § 1362 ("In any removal proceedings before an immigration judge ... the person concerned shall have the privilege of being represented (at no expense to the Government) by such counsel ... as he shall choose.").

Although generally an alien may waive this right to counsel only if the record indicates that the waiver was voluntary and unambiguous, *see Montilla v. INS,* 926 F.2d 162, 169–70 (2d Cir.1991), the right is not violated if after advising the alien of the right and adjourning the proceedings so the alien can procure counsel, the alien never in fact obtains counsel. *Hidalgo–Disla v. INS,* 52 F.3d 444 (2d Cir.1995). In *Hidalgo–Disla,* the IJ advised the alien of his right to counsel at the initial hearing, which was adjourned so that the alien might obtain counsel. *Id.* at 445. At the second hearing, after advising the alien again of his right to counsel and agreeing to a second adjournment, the court warned the alien that he should be prepared to proceed with or without counsel at the next hearing. *Id.* At the third hearing, the alien appeared without counsel and the IJ conducted the hearing without counsel present. *Id.* On appeal, the Second Circuit addressed the issue of whether the alien knowingly and voluntarily waived his right to counsel. *Id.* at 446–47. In finding any argument to the contrary frivolous, the Court reasoned:

> If an immigration judge could not proceed with a hearing after two adjournments, without the alien's express waiver, an alien seeking to stave off deportation would be able to win an infinite number of adjournments, and would be better off appearing without a lawyer than with one.

*Id.* at 447.

In the instant case, the IJ adjourned the proceedings three times so that Brito–De-

Leon might retain representation. At the first hearing, Brito–DeLeon told the IJ that he had retained counsel and the IJ adjourned the proceedings so that the attorney could attend the hearing. R. 44–45. At the second hearing, Brito–DeLeon submitted a letter from his attorney stating she would be out of the country for more than a month. R. 48. The IJ then advised Brito–DeLeon that this was too lengthy a period, that he was not going to wait for the attorney to return, and that Brito–DeLeon or a family member should call his attorney's office to get a referral for another lawyer to attend the hearing or to retain a new attorney. R. 49–50. At the third hearing, the IJ again advised Brito–DeLeon to retain another attorney, told him that he might have to proceed on the merits at the next hearing even if no counsel appeared, and adjourned the proceedings for a third time. R. 57–59. At the fourth hearing, Brito–DeLeon stated he had not attempted to contact another attorney. R. 62. The IJ thereupon proceeded with the removal hearing.

■ The IJ's actions did not violate the due process clause because he provided repeated opportunities for Brito–DeLeon to retain counsel. Like the IJ in *Hidalgo–Disla*, the IJ here told Brito–DeLeon that he had a right to counsel, adjourned the proceedings on more than one occasion so that Brito–DeLeon could retain counsel, and advised Brito–DeLeon that he should

be ready to proceed even if he could not find counsel to attend the proceeding. Notably, the IJ granted Brito–DeLeon three adjournments to retain counsel to appear at the proceedings, compared with only two granted *Hidalgo–Disla*. It is incumbent on the alien to make reasonable efforts to secure the representation of an attorney who can actually be available to attend the administrative hearing. Due process does not require the IJ to grant unlimited adjournments until such representation is secured. *See, e.g., Gutierrez v. Reno*, 99 Civ. 11036, 2000 WL 1643585, at *4 (S.D.N.Y. Nov.1, 2000) (alien's right to counsel not violated when, after two adjournments, IJ proceeded with hearing on the merits without attorney present); *Gomez–Perez v. McElroy*, 01 Civ. 2593, 2001 WL 370220, at *1 (S.D.N.Y. April 12, 2001) (no due process requirement that IJ grant fourth adjournment).

Additionally, the IJ's process was a model of fairness. He clearly explained the charges to Brito–DeLeon. R. 43–44. He also instructed Brito–DeLeon not to answer any questions he did not understand, R. 64, and provided Brito–DeLeon with an opportunity to speak on his own behalf and explain why he should not be deported. R. 72.[3]

## 2. *Ineffective Assistance of Counsel*

■ Although Brito–DeLeon characterizes his claim solely as one asserting

**3.** Brito–DeLeon suggests that the hearing was improper because he had been granted advance parole status when he went to the Dominican Republic. Petition at 11. Because this claim was raised neither before the IJ or the BIA, it is waived. *See Drozd v. INS*, 155 F.3d 81, 91 (2d Cir.1998); *Xin–Chang Zhang v. Slattery*, 55 F.3d 732, 748 n. 10 (2d Cir. 1995), *cert. denied*, 516 U.S. 1176, 116 S.Ct. 1271, 134 L.Ed.2d 217 (1996). In any event, Brito–DeLeon points to no constitutional or statutory argument that the granting of advance parole can serve to alter an alien's

inadmissible status and the Court is aware of none.

Brito–DeLeon also argues, Petition at 8, that the hearing was improper because the INS did not have its file available to prove that he had committed fraud or misrepresentation, under 8 U.S.C. § 1182(a)(6)(C)(i), by failing to disclose his 1991 drug conviction on his LPR application. The IJ did not sustain this charge, however, precisely because the file was not available and thus the file's absence has no relevance to the order of removal.

the right to counsel, the cases he cites concern ineffective assistance of counsel. *See* Petitioner Angel Brito–DeLeon's Memorandum of Law in Support of His Petition for Writ of Habeas Corpus ("Pet. Mem.") at ¶ 1 (citing *Iavorski v. U.S. INS,* 232 F.3d 124 (2d Cir.2000) and *Esposito v. INS,* 987 F.2d 108 (2d Cir.1993)). Ineffective assistance of counsel in a deportation or removal case "occurs when 'counsel's performance impinged upon the fundamental fairness of the hearing in violation of the fifth amendment · due process clause.'" *Iavorski,* 232 F.3d at 128 (quoting *Rabiu v. INS,* 41 F.3d 879, 882 (2d Cir.1994)). The fundamental fairness of the hearing is impinged when competent counsel would have acted otherwise and the alien was prejudiced by counsel's performance. *Iavorski,* 232 F.3d at 129. Prejudice is established by showing that the result of the removal proceeding would have been different had counsel acted competently. *Esposito,* 987 F.2d at 111. Because competent counsel would have attended the removal proceeding, the issue is whether the result of the removal proceeding would have been different had an attorney been present.

In this case, Brito–DeLeon was convicted upon his guilty plea to attempted sale of a controlled substance in the third degree. *See* R. at 67, 86–87, 105. A person who has been convicted of a controlled substance violation is inadmissible into and removable from the United States. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). This provision may only be waived by the Attorney General if the conviction relates to simple possession of 30 grams or less of marijuana, not the attempted sale of a controlled substance for which Brito–DeLeon was convicted. *See* 8 U.S.C. § 1182(h).

The only discretionary relief for which petitioner claims he might have been eligible is suspension of deportation under former section 212(c) of the Immigration and Naturalization Act (previously codified at 8 U.S.C. 1182(c)). *See* Petition at 4–6, 14; Pet. Mem. at 2–3. This provision permitted LPR's with an unrelinquished domicile of seven consecutive years to apply for a waiver of deportation. In 1990, Congress amended section 212(c) to bar relief for anyone who had been convicted of an aggravated felony and had served a term of imprisonment of at least five years. Pub.L. No. 101–649, § 511(a) (amending 8 U.S.C. § 1182(c)). In 1996, Congress passed the AEDPA, which identified a broad set of offenses for which convictions would preclude such relief. *See* Pub.L. No. 104–132, § 440(d) (amending 8 U.S.C. § 1182(c)). That same year Congress passed IIRIRA, which repealed § 212(c) and replaced it with a new section that gives the Attorney General authority to cancel removal for a narrow class of inadmissible or deportable aliens. *See* Pub.L. No. 104–208, § 304(b) (enacting 8 U.S.C. § 1229b).

In *I.N.S. v. St. Cyr,* the Supreme Court held that § 212(c) relief remains available for aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of the plea under the law then in effect." 121 S.Ct. at 2293. In 1991, when Brito–DeLeon pleaded guilty to the controlled substance charge, an alien was eligible for a 212(c) waiver if he 1) had been admitted to the United States as an LPR, 2) had continuously resided in the United States for at least seven years, and 3) had not served a term of at least five years for an "aggravated felony." *See* 8 U.S.C. § 1182(c) (1991). Brito–DeLeon, however, is not an LPR. *See* R. 66. Therefore, he was never eligible for a waiver of deportation and even a competent attorney attending the hearing could not have altered Brito–DeLeon's ineligibility.

For these reasons, Brito–DeLeon's ineffective assistance of counsel argument must be rejected.[4]

### 3. *Notification of the Charges*

■ Brito–DeLeon also asserts that he was not properly informed of the charges against him. *See* Petition at 10. This claim too is without merit. After stating that he spoke Spanish best, R. 43, all of the proceedings were conducted through a Spanish interpreter. At the very first hearing, on August 8, Brito–DeLeon admitted that he received a copy of the Notice to Appear, which set forth the charges against him, and the IJ also explained the charges to him. *See* R. 43–44. The IJ therefore complied with 8 C.F.R. § 240.10(a)(6) (the IJ must "[r]ead the factual allegations and the charges in the notice to appear to the respondent and explain them in non-technical language").

### *CONCLUSION*

For the foregoing reasons, Brito–DeLeon's petition for a writ of habeas corpus should be denied. In addition, because the petition should be denied, the accompanying request for bail should be denied and the May 8, 2001 Order staying the removal or deportation of Brito–DeLeon should be vacated.

### *Notice of Procedure for Filing of Objections to this Report and Recommendation*

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report to file any written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time to file objections must be directed to Judge Preska. The failure to file timely objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

Nov. 29, 2001.

---

**4.** Respondents urge dismissal of any ineffective assistance of counsel claim on the ground that Brito–DeLeon failed to exhaust administrative remedies. *See* Respondents' Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus at 12–13. Specifically, the respondents contend that Brito–DeLeon was required to argue his ineffective assistance of counsel claim before the BIA by moving to reopen his case as required by regulation and BIA precedent. *See* 8 C.F.R. § 3.2 and *In re Lozada,* 19 I & N Dec. 637 (BIA 1988). The Court recognizes that ineffective assistance of counsel claims have been dismissed where an alien has failed to follow these requirements. *See, e.g., Bernal–Vallejo v. INS,* 195 F.3d 56, 64 (1st Cir.1999); *Stewart v. U.S. INS,* 181 F.3d 587, 596 (4th Cir. 1999). Because Brito–DeLeon's claim must be rejected on other grounds, however, the Court need not address this issue.