Jose Francisco ALVAREZ–GARCIA,
Petitioner/Plaintiff,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent/Defendant.

No. 02 CIV. 4657(CM).

United States District Court,
S.D. New York.

Oct. 21, 2002.

**284**

Jose F. Alvarez–Garcia, White Plains, NY, pro se.

Megan L. Brackney, U.S. Atty., New York City, for U.S. Immigration and Naturalization Service.

## MEMORANDUM DECISION AND ORDER TRANSFERRING PETITIONER'S NATIONALITY CLAIM TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT AND OTHERWISE DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

McMAHON, District Judge.

Petitioner, who was convicted of attempted criminal sale of a controlled substance (cocaine) in the third degree, argues that he should be granted a hearing prior to deportation pursuant to *Beharry v. Reno,* 183 F.Supp.2d 584, 597 (E.D.N.Y. 2002) (Weinstein, J.) (E.D.N.Y.2002). In *Beharry,* the court held that customary international law requires the INS to provide a "compassionate hearing" before deporting certain long-resident aliens who have significant family ties in the United States, notwithstanding Congress' clear intent to eliminate such hearings for persons convicted of certain types of crimes, one of which is a narcotics offense.

*Beharry* is currently on appeal, and it is questionable whether it will withstand the scrutiny of the Second Circuit. However, there is no need for me to prejudge that issue, as the Government would have me do. Petitioner has failed to bring himself within the decision's terms. Judge Weinstein made it quite clear that his holding was limited to one peculiar set of facts, saying "...section 212(h) waivers are available for aliens, including petitioner, who meet its stringent requirements of seven years residence and 'extreme hardship' to family—if these aliens have been

convicted of an 'aggragated felony' *as defined after they committed their crime, but which was not so categorized when they committed their crime." Beharry, supra.*, 183 F.Supp.2d at 605. The crime for which Petitioner will be deported appears to have been committed long after offenses involving the distribution of narcotics were classified as "aggravated felonies" in the INA. Petitioner has certainly not shown otherwise. Thus, Petitioner's argument lacks merit even if *Beharry* is correct.

Petitioner also contends that he cannot be removed because he is a "national" of the United States. Petitioner has brought that claim to the wrong court. I do not have jurisdiction to consider nationality claims in the first instance. Accordingly, I transfer it to the United States Court of Appeals for the Second Circuit, the court to which it should have been directed.

## STATEMENT OF FACTS

### A. Immigration and Criminal History

Petitioner, a native and citizen of the Dominican Republic, was admitted to the United States as a Lawful Permanent Resident on October 11, 1975. (A 65, 111).[1] On February 5, 2000, in the New York State Supreme Court, Westchester County, petitioner was convicted of attempted sale of controlled substance (cocaine) in the third degree and was sentenced to three to six years' imprisonment. (A 67, 111).

### B. Administrative Proceedings

On June 18, 2001, the INS served petitioner with a Notice to Appear alleging that he is removable from the United States pursuant to section 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA") (Supp. IV 1998), as an alien who has been convicted of a controlled substance offense and pursuant to section 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp. IV 1998), as an alien who has been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B) (controlled substance offense). (A 109–11).

On August 9, 2001, removal proceedings commenced before an immigration judge ("IJ") in Napanoch, New York. (A 43–46). The IJ adjourned the proceedings so that petitioner could retain counsel. (*Id.*). On November 6, 2001, petitioner filed a Form N–400 Application for naturalization to United States citizenship. (A 76–79). On November 20, 2001, petitioner filed a Motion to Terminate his proceedings arguing that he is a national because he has applied for naturalization and has registered with the selective service. (A 74–75).[2]

On December 6, 2001, after a second adjournment (A 47–50), the proceedings resumed and petitioner, through counsel, admitted the allegations in the notice to appear, except that he denied that he is not a national of the United States. (A 51–61). The IJ denied petitioner's motion to terminate, explaining that filing an application for naturalization does not create national status. (A 58–59). The IJ then issued an oral decision in which he found that petitioner is removable as charged in the Notice to Appear. (A 38–41). The IJ again rejected petitioner's claim that he is

1. References to "A __" are to the administrative record of the removal proceedings of Jose Francisco Alvarez–Garcia, alien registration number A 34 367 111, as compiled and certified by the Executive Office for Immigration Review of the United States Department of Justice, attached to the Return as Exhibit A.

2. Although petitioner claims he registered with the selective service, he fails to list his selective service number on his Form N–400 application. (*See* A 78).

a national, explaining that merely filing an application for citizenship does not make petitioner a national of the United States. (A 40). The IJ further noted that petitioner is not eligible for cancellation of removal because he has been convicted of an aggravated felony and he is not eligible for adjustment of status because he has been convicted of a controlled substance offense. (*Id.*).

On December 26, 2001, petitioner appealed the IJ's decision to the BIA arguing that because he applied for naturalization and swore his permanent allegiance to the United States, he is a national of the United States and cannot be removed. (A 29–34). On April 8, 2002, the BIA dismissed the appeal. (A 21–24). The BIA rejected petitioner's nationality claim, explaining that petitioner has not established that he meets any of the requirements for nationality under section 308 of the INA. (A 23). The BIA further explained:

> [W]e reject the respondent's contention that because he is a lawful permanent resident who has applied for naturalization, he must be considered to be a national of the United States. Under the respondent's proposed interpretation, any lawful permanent resident who applies for naturalization must be considered to be a national of the Untied States regardless of whether he or she is granted naturalization. This is not what Congress intended when it enacted the immigration laws. Lawful permanent resident aliens cannot permanently escape the immigration consequences of their criminal actions by the simple act of applying for naturalization, regardless of whether their application for citizenship is approved.

(*Id* ).

On April 24, 2002, petitioner filed a "Motion to Reopen and Reconsider National Status and 212(h) Eligibility Following *Morin, St. Cyr, Beharry* and *Matter of R–S–R–*." (A 6–19). On May 16, 2002, the BIA denied petitioner's motion, explaining that petitioner is not a national and that he is not eligible for any relief from removal because of his aggravated felony conviction. (A 1–3). On June 18, 2002, petitioner filed the petition at bar.

## CONCLUSIONS OF LAW

### I. The BIA Properly Ordered Petitioner's Removal

The BIA properly ordered petitioner's removal from the United States. First, pursuant to section 237(a)(2)(B)(i), U.S.C. § 1227(a)(2)(B)(i) (Supp. IV 1998), petitioner is removable as an alien who has been convicted of a controlled substance offense, namely, attempted criminal sale of a controlled substance (cocaine) in the third degree. (*See* A 67). Petitioner's conviction for attempted criminal sale of a controlled substance (cocaine) in the third degree is also an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(B) & (U) (Supp. IV 1998) (defining aggravated felony to include any "drug trafficking crime") as defined in 18 U.S.C. § 924(c), 18 U.S.C. § 924(c)(2) (in turn defining "drug trafficking crime" to include "any felony punishable" under Controlled Substances Act); 21 U.S.C. § 841(a)(1) (punishing as felony a conviction for knowingly or intentionally distributing or dispensing a controlled substance). Thus, the BIA also properly ordered petitioner's removal from the United States as an aggravated felon pursuant to section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp. IV 1998).

### II. Petitioner is Not Eligible for Any Relief from Removal

#### A. Petitioner is Not Eligible for Cancellation of Removal

■ Petitioner is not eligible for cancellation of removal pursuant to section 240A

of the INA, 8 U.S.C. § 1229b(a) (Supp. IV 1998). Cancellation of removal, a form of relief from removal created as part of the Illegal Immigration Reform and Responsibility Act of 1996 ("IIRIRA"), provides the Attorney General the limited ability to cancel removal for a narrow class of inadmissible or deportable aliens. *See* IIRIRA § 304(a), Pub.L. No. 104–208, 110 Stat. at 3009–597 (Sept. 30, 1996), codified at 8 U.S.C. §§ 1229b(a) (Supp. IV 1998). The Attorney General may cancel removal where the alien has been lawfully admitted for permanent residence for not less than five years, has resided in the United States continually for seven years, and has not been convicted of an aggravated felony. *See* 8 U.S.C. § 1229b (a)(1)-(3) (Supp. IV 1998). Because petitioner was convicted of an aggravated felony, namely attempted sale of a controlled substance in the third degree, he is not eligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3) (Supp. IV 1998); *Hibbert v. Ashcroft*, 01 Civ. 4384(JSR)(JCF), 2002 WL 1205736, at *2 (S.D.N.Y. March 11, 2002) ("Cancellation of removal is not available to any alien who has been convicted of an aggravated felony.").

### B. Petitioner is Not Eligible for a Waiver of Deportation Under Former Section 212(c) of the INA

 Petitioner is also not eligible for a waiver of deportation pursuant to former section 212(c) of the INA, 8 U.S.C. § 1182(c) (1994) (repealed). He was convicted of attempted sale of a controlled substance in the third degree on February 5, 2000 (A 67). IIRIRA repealed sections 212(c) in its entirety as of the law's effective date, April 1, 1997. *See* IIRIRA, § 304(b), 110 Stat. at 3009–597 (Sept. 30, 1996). Notwithstanding IIRIRA's repeal of section 212(c), in *INS v. St. Cyr*, 533 U.S. 289, 290, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the Supreme Court held that section 212(c) relief remains available for aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." Petitioner is not within that class of aliens, because he was convicted of his offense after the effective date of IIRIRA. *See Needham v. Ashcroft*, 00 Civ. 2416(DAB), 2002 WL 986916 (S.D.N.Y. May 14, 2002) (alien who pleaded guilty to removable offense after enactment IIRIRA is ineligible for § 212(c) relief); *Soto v. Ashcroft*, 00 Civ. 5986(AJP), 2001 WL 1029130, at *5 (S.D.N.Y. Sept. 7, 2001) (same); *see also Domond v. INS*, 244 F.3d 81 (2d Cir.2001) (alien who pleaded guilty after enactment of Antiterrorism and Effective Death Penalty Act of 1996, which barred eligibility for § 212(c) for criminal aliens, is ineligible for § 212(c) relief).

### C. Petitioner Is Ineligible for a Waiver of Inadmissibility Pursuant to Section 212(h) of the INA

 Petitioner's conviction for criminal possession of a controlled substance in the third degree renders him ineligible to apply for relief under section 212(h). The INA permits aliens to adjust their status and become lawful permanent residents if they meet certain requirements. Both lawful permanent residents and non-lawful permanent residents may apply for an adjustment of status under section 245 of the INA; upon application, the "applicant is assimilated to the position of an alien outside the United States seeking entry as an immigrant." *Jankowski–Burczyk v. INS*, 291 F.3d 172, 175 (2d Cir.2002) (quoting Charles Gordon et al., Immigration Law and Procedure § 51.03[3] (rev. ed.2001)). Section 245 of the INA provides:

The status of an alien who was inspected and admitted or paroled into the United

States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a) (Supp. IV 1998). Aliens who have been convicted of certain crimes are inadmissible and therefore ineligible to adjust. to lawful permanent resident status. Specifically, petitioner is inadmissible because he has been convicted of violating a law relating to a controlled substance. (A 67); *see* 8 U.S.C. § 1182(a)(2)(A)(i)(II) (Supp. IV 1998).

Section 212(h) of the INA provides for a waiver of inadmissability for aliens convicted of certain non-drug crimes so that aliens who would otherwise be inadmissible can apply for adjustment of status. The relevant portions of 212(h) provide:

> The Attorney General may, in his discretion, waive the application of subparagraph [8 U.S.C. § 1182(a)(2) ](A)(i)(I), (B), (D), and (E) of subsection (a)(2) of this section and *subparagraph (A)(i)(II) of such subsection insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana.*

8 U.S.C. § 1182(h) (Supp. IV 1998) (emphasis added).

Under section 212(h), a waiver of inadmissibility is only available for aliens who have been convicted of a controlled substance offense if the conviction is for a single offense of simple possession of 30 grams or less of marijuana. Petitioner's February 5, 2000 conviction for attempted criminal sale of a controlled substance (cocaine) in the third degree is not for simple possession of 30 grams or less of marijuana. Consequently, petitioner is not eligible to obtain a waiver of inadmissibility under section 212(h). *Brito–DeLeon v. Ashcroft,* 188 F.Supp.2d 340, 346 (S.D.N.Y. 2002); *Hernandez–Osoria v. Ashcroft,* 01 Civ. 5545(SAS), 2002 WL 193574, *4 (S.D.N.Y. Feb. 7, 2002).

Morever, petitioner is ineligible for a section 212(h) waiver because his conviction is also an aggravated felony. *See* Point I, *supra.* IIRIRA amended section 212(h) to prohibit lawful resident aliens convicted of an aggravated felony from seeking relief under section 212(h). *See* IIRIRA, § 348(b), 110 Stat. 3009–639. Section 212(h), as amended by IIRIRA, now provides:

> No waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if since the date of such admission the alien has been convicted of an aggravated felony.

*Id.* Petitioner is thus not eligible for a section 212(h) waiver because he was admitted as a lawful permanent resident on December 11, 1975 (A 64), and, after admission, he was convicted of an aggravated felony. (A 67). *See Jankowski–Burczyk,* 291 F.3d at 180 (upholding section 212(h)'s bar to lawful permanent residents who have been convicted of aggravated felonies).

### D. Petitioner Cannot Be Granted Relief Pursuant to *Beharry v. Reno*

■ Petitioner contends that the Court should afford him humanitarian relief from removal pursuant to *Beharry v. Reno,* 183

F.Supp.2d 584 (E.D.N.Y.2002).[3] Petition at Point II. In *Beharry*, the court held that IIRIRA's amendment to section 212(h), which bars lawful permanent residents convicted of aggravated felonies from obtaining section 212(c) waivers, should not be interpreted as absolute. *Id.* at 587, 604. The court looked to the International Covenant on Civil and Political Rights ("ICCPR"),[4] the Convention of the Rights of the Child ("CRC"),[5] and the Universal Declaration of Human Rights ("UDHR")[6] to hold that customary international law requires the INS to hold "compassionate" hearings prior to deporting certain lawful permanent resident who has family ties in the United States—namely, those who were convicted of crimes committed before the INA classified them as "aggravated felonies." *Beharry*, 183 F.Supp.2d at 585–87, 603–605. Needless to say, this is a very small class of persons—individuals who not only have strong ties to the United States (a group that includes Petitioner), but who also committed their crimes before the effective date of IIRIRA. Petitioner—who bears the burden of proof—does not specify the date on which he committed the crime of which he stands convicted. Thus, he has failed to satisfy his burden of establishing that he is a *Beharry* alien.

Moreover, it is highly unlikely that Petitioner could bring himself within *Beharry*. His conviction (by plea) was entered in on February 5, 2000. It stands to reason that the underlying criminal activity was committed well after the effective date of IIRIRA. New York has a 180 Speedy Trial Act, and while certain time that passes between the filing of an accusatory instrument and the trial (for motions, for example) is routinely excluded, I view it as highly unlikely that Petitioner committed this particular crime prior to April 1, 1997. However, that is a moot point, since Petitioner has not offered any evidence on the relevant point—when did he commit the crime for which he will be deported.

Plaintiff having failed to bring himself within the ambit of *Beharry*, it is unnecessary for me to explore the many esoteric issues of international law raised in that case and opine whether Judge Weinstein was right or wrong.

### III. Petitioner's Nationality Claim Is Without Merit

Petitioner contends that he should not be subject to removal because he is a "national" of the United States. *See* Petition at Point I.

District courts do not have jurisdiction over nationality claims. The sole and exclusive avenue for review of a claim of nationality is by direct petition for review to the United States Court of Appeals for the Second Circuit. In section 242(b)(5) of the INA, Congress created a statutory scheme for review of citizenship and nationality claims. In the first instance, these claims must be brought in a court of appeals, which will determine whether there is a dispute of fact that requires a hearing, in which case it will remand the

---

**3.** *Beharry* has been appealed to the United States Court of Appeals for the Second Circuit, Dkt. No. 02–2171. The Government's brief was filed in June and no argument date has been set.

**4.** International Covenant on Civil and Political Rights, S. Treaty Doc. 95–2 (1978), 999 U.N.T.S. 171.

**5.** Convention on the Rights of the Child, U.N. Doc. A/44/736 (1989), reprinted in 28 I.L.M. 1457 (1989).

**6.** Universal Declaration of Human Rights of 1948, G.A. Res. 217A(III), U.N. GAOR, 3d Sess., Supp. No. 1, U.N. Doc. A/810 (1948).

claim to the district court. Section 242(b)(5) provides:

> (A) Court determination if no issue of fact
>
> If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.
>
> (B) Transfer if issue of fact
>
> If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceedings to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.

8 U.S.C. § 1252(b)(5) (Supp. IV 1998).

■ Thus, criminal aliens, such as petitioner, are required to bring petitions for review of citizenship and nationality claims in the courts of appeals. *See Drozd v. INS*, 155 F.3d 81, 85, 91 (2d Cir.1998) (holding that INA 106(a)(5) [7] vests court of appeals with jurisdiction in first instance to consider citizenship claim of criminal alien); *Hughes v. Ashcroft*, 255 F.3d 752, 755 (9th Cir.2001) ("we do have jurisdiction to review Petitioner's claim that he is a United States national or citizen and thus is not 'an alien' subject to removal") (citation omitted); *Chau v. INS*, 247 F.3d 1026, 1029 (9th Cir.2001) (holding that court of appeals had jurisdiction in first instance

over alien's citizenship claim and, in light of genuine issues of material fact, transferring case to district court); *id.* at n. 2 ("once removal proceedings have been initiated, a petition for review under 8 U.S.C. § 1252(b)(5) is the only avenue by which a person may seek a judicial determination of his or her status as a national of the United States"); *Scales v. INS*, 232 F.3d 1159, 1161 (9th Cir.2000) (court of appeals has "jurisdiction over a nationality claim [of criminal alien] under 8 U.S.C. § 1252(b)(5)"); *Fierro v. Reno*, 217 F.3d 1, 3 (1st Cir.2000) (court of appeals has jurisdiction over citizenship claim of criminal alien); *Wedderburn v. INS*, 215 F.3d 795, 797 (7th Cir.2000) (same). Accordingly, the nationality claim in the habeas petition must either be dismissed or, in the alternative, transferred to the Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631.

I assume that the Government took great pains to brief the merits of the nationality issue so that I would decide that the claim was frivolous and dismiss the claim rather than transfer it. However, "cannot consider" means precisely that. I cannot consider the Government's argument on the merits. The appropriate course of action is to transfer the case to the proper court—which I do, in the interests of justice.

Petitioner's *Beharry–St. Cyr* claim is dismissed on the merits. Petitioner's nationality claim is transferred to the Court of Appeals. The Clerk is directed to forward the file to the Clerk of the Court for the Second Circuit, and to remove the case from the docket of this Court.

---

**7.** Prior to IIRIRA, the INA contained a similar provision codified at INA § 106(a)(5), 8 U.S.C. § 1105a(a)(5). IIRIRA § 306 repealed § 1105a and replaced it with amended § 1252. *See* IIRIRA § 306(c)(2), Pub.L. No. 104–302, 110 Stat. 3656 (1996).