**Ernest METELUS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02 CV 6382(NG).**

United States District Court, E.D. New York.

May 7, 2003.

Ernest Metelus, Oakdale, LA, Pro se.

Dione Enea, Asst. U.S. Attorney, Brooklyn, NY, for Respondent.

## ORDER

GERSHON, District Judge.

On November 30, 2002, petitioner, Ernest Metelus, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his pending removal proceedings before the Immigration and Naturalization Service ("INS"). He claims that he is a national of the United States by virtue of having filed an application for naturalization with the INS and that he should not be subject to such proceedings. On January 14, 2003, petitioner filed a supplemental petition challenging the legal authority of the INS to detain him pursuant to 8 U.S.C. § 1226(c) by claiming that the Act violates the Due Process Clause of the Fifth Amendment of the Constitution. Petitioner stated that his removal proceedings were still pending at that time.

### Background

Petitioner is a thirty-two-year-old native and citizen of Haiti admitted to the United States as a lawful permanent resident on April 17, 1990. On May 9, 2000, petitioner was convicted, in the United States District Court for the Northern District of Florida, of conspiracy to possess with intent to distribute cocaine and cocaine base

and sentenced to a term of imprisonment of sixty months. That sentence was reduced to forty-one months on August 29, 2001. While his criminal proceedings were pending, petitioner filed an application for citizenship with the INS. On April 16, 2001, the INS denied petitioner's naturalization application as abandoned, after. petitioner failed to appear for fingerprinting. However, petitioner filed a motion to reopen that application, which was granted on November 5, 2001. Petitioner submits no information regarding the disposition of the reopened application.

On August 14, 2002, the INS initiated removal proceedings against petitioner, charging him with being deportable under Section 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), of the Immigration and Nationality Act, as an alien who had been convicted of an aggravated felony after admission to the United States.

On September 23, 2002, prior to filing the petition with this court, petitioner had filed a petition for a writ of habeas corpus in the District Court for the Northern District of Florida, challenging the legal authority of the INS to detain him pursuant to 8 U.S.C. § 1226(c) by claiming that the Act violated the Due Process Clause of the Fifth Amendment of the Constitution. Petitioner claimed that venue was proper in that district because, "[p]etitioner and his entire family resides in the State of Florida, and petitioner was also arrested and convicted" in that district prior to being taken into INS custody and moved to the Federal Detention Center in Oakdale, Louisiana. On December 2, 2002, the District Court for the Northern District of Florida transferred petitioner's petition to the Western District of Louisiana, where petitioner is detained and where petitioner's immigration proceedings are taking place. Petitioner moved to withdraw and dismiss that petition because he had not exhausted his administrative remedies. That motion was granted on December 30, 2002.

### Petitioner's Present Petition

In the petition filed in this court on December 5, 2002, only two and one-half months after filing his original petition in the Northern District of Florida, petitioner claims that he "is a resident of New York who resides with his child and fiancé" in Brooklyn. However, petitioner submits no support for that statement nor any evidence of any ties to the Eastern District of New York.

The respondent moves to dismiss the petition because petitioner's removal proceedings are still pending in Louisiana and, therefore, petitioner has not exhausted his administrative remedies. Alternatively, respondent requests a transfer of venue to the Western District of Louisiana where petitioner is now detained. Petitioner argues that transfer of his petition to the Western District of Louisiana would prejudice him because of the backlog of habeas corpus petitions pending in that district.

In habeas corpus proceedings, traditional venue considerations apply. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Those considerations include: (1) "where all of the material events took place"; (2) where "the records and witnesses pertinent to petitioner's claim are likely to be found" and; (3) the convenience of the forum for both the respondent and the petitioner. *Henderson v. INS,* 157 F.3d 106, 128 n. 25 (2d Cir.1998) (*quoting Braden,* 410 U.S. at 493–94, 93 S.Ct. 1123). After consideration of all of the submissions, there is no basis for venue in this district. As the District Court for the Northern District of Florida concluded, venue for this claim is proper in the Western District of Louisiana where petitioner is detained.

On December 6, 2002, this court issued a stay of deportation, granting respondent the opportunity to seek to lift the stay if it could establish, to the court's satisfaction, that petitioner did not face imminent deportation. Although it now appears that petitioner might not yet be under a final order of removal, respondent has not moved to vacate the stay. In addition, although petitioner's submissions indicate that a deportation hearing was scheduled for his case on April 2, 2003, neither party has notified the court of the outcome of any hearings as of this date. Therefore, the stay will remain in place until further order of the District Court for the Western District of Louisiana.

This court also notes that the district court has no jurisdiction over citizenship claims in the context of a final order of removal because such claims may be decided only as provided in 8 U.S.C. § 1252(b)(5). Under that section of the statute, review of nationality claims in the context of removal orders must occur, in the first instance, in the courts of appeals. *Taniguchi v. Schultz,* 303 F.3d 950, 955–56 (9th Cir.2002); *Alvarez–Garcia v. United States,* 234 F.Supp.2d 283, 289 (S.D.N.Y. 2002). However, given the lack of venue in this court, I transfer petitioner's petition, leaving it to the Western District of Louisiana to determine if transfer to the Court of Appeals for the Fifth Circuit is proper.

Petitioner's petition is hereby transferred to the Western District of Louisiana. The Clerk is directed to forward the file to the Clerk of Court for the Western District of Louisiana, and to remove the case from the docket of this court.

**SO ORDERED.**