Adalberto **ANDRADE**, Petitioner,

v.

John **ASHCROFT**, et al, Respondents.

No. 02–CV–5914NGRML.

United States District Court,
E.D. New York.

July 3, 2003.

Adalbeerto Andrade, Oakdale, LA, for Pro se.

Margaret Kolbe, Asst. U.S. Atty., for Respondents.

**ORDER**

GERSHON, District Judge.

Petitioner, Adalberto Andrade, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, on November 7, 2002, challenging a final order of removal issued by the Immigration and Naturalization Service ("INS"). Petitioner also challenges his continued detention under the Immigration and Naturalization Act ("INA") § 236(c), 8 U.S.C. § 1423, and the "erroneous denial of his application for adjustment of status." Petitioner claims that: (1) the mandatory detention provision of Section 236(c), as applied to him, violates his procedural due process rights; (2) the immigration judge ("IJ") violated petitioner's right to due process by denying his adjustment of status application without considering his family situation in accordance with the direction of the Board

of Immigration Appeals (the "BIA"); and (3) he is entitled to discretionary relief under the International Covenant for Civil and Political Rights. The respondents move to dismiss the petition or transfer venue, pursuant to 28 U.S.C. § 1406(a), to the Western District of Louisiana. In his Amended Petition, filed March 12, 2003, petitioner opposes respondent's motion and adds two additional claims, namely, that: (1) he was denied due process by the IJ's failure to inform him of the legal standard applicable to his hearing; and (2) that petitioner's conviction for an assault and battery under Massachusetts law is not an aggravated felony or crime of violence under INA § 101(A)(43)(F). For the reasons set forth below, petitioner's petition is hereby transferred to the Western District of Louisiana.

### Background

Petitioner, a native and citizen of Cape Verde, entered the United States on October 9, 1988. Petitioner became a lawful permanent resident on June 19, 1998, in Boston, Massachusetts. Following his admission, petitioner lived in Brockton, Massachusetts with his wife and children. On February 23, 1995, petitioner was convicted in the Brockton District Court of possession of a firearm without an identification card and assault and battery with a dangerous weapon in violation of Massachusetts General Laws ("M.G.L.") Chapter 269A § 10. On December 19, 1998, petitioner was again convicted in Brockton, Massachusetts of Violation of a Protective Order and Assault and Battery in violation of M.G.L. Chapter 209A & 265, Section 13A/B. As a result of these convictions, the INS commenced removal proceedings against petitioner via the issuance of a notice to appear on April 27, 1999. On December 3, 1999, an IJ denied petitioner's application for adjustment of status and order petitioner removed to Cape Verde. Petitioner appealed this decision. On January 18, 2000, petitioner was re-

leased from immigration detention under a $7,000.00 bond. On November 21, 2000, petitioner was again convicted in Brockton of assault and battery and two counts of violating an abuse prevention order. As a result of these convictions, petitioner was sentenced to eleven months of incarceration, of which eight months were suspended. On May 10, 2001, the BIA remanded the IJ's decision for further proceedings. On August 1, 2002, the IJ again denied petitioner's application for an adjustment of status under INA § 245 and ordered petitioner's removal from the United States. On February 5, 2003, the BIA affirmed the IJ's order.

### Venue

Respondent argues that venue should be transferred to the Western District of Louisiana, since traditional venue considerations do not favor venue in this district. In support of venue in this district, petitioner claims that his family resides at 306 Stuyvesant Avenue, Brooklyn, in the Eastern District of New York and that this district is therefore more convenient for them. Petitioner also argues that because his "immigration file" is with the BIA, venue is not appropriate in Louisiana.

In habeas corpus proceedings, traditional venue considerations apply. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In addition to plaintiff's choice of forum, those considerations include: (1) "where all of the material events took place"; (2) where "the records and witnesses pertinent to petitioner's claim are likely to be found" and; (3) the convenience of the forum for both the respondent and the petitioner. *Henderson v. INS*, 157 F.3d 106, 128 n. 25 (2d Cir. 1998) (*quoting Braden*, 410 U.S. at 493–94, 93 S.Ct. 1123).

■ Prior to his incarceration, petitioner lived in Massachusetts. The convictions for which petitioner's removal is now sought arose out of events that took place in Massachusetts. Thus, petitioner's claim that his conviction for an assault and battery under Massachusetts law is not an aggravated felony or crime of violence relates to events that occurred in Massachusetts. Petitioner is presently detained in Oakdale, Louisiana and all of his removal proceedings have taken place there. As such, petitioner's due process claims do not relate to events that occurred in this district, but instead relate to the detention and removal proceedings in Louisiana. Therefore, traditional venue considerations favor venue in either Louisiana or Massachusetts, not here.

Petitioner claims that his family has relocated to 306 Stuyvesant Avenue in Brooklyn, and, if this court retains jurisdiction, it would be more convenient for his family should they be called to testify on his behalf. Respondent, however, has submitted an affidavit from the corporate secretary of the company that manages the property claimed to be the familial address of petitioner. This affidavit states, *inter alia*, that neither petitioner nor his wife have entered into a lease agreement for such property.

Finally, petitioner's claim that his "immigration file," and the records concerning his immigration proceedings are with the BIA is also unpersuasive as a basis for this court to retain jurisdiction. The BIA is located in Falls Church, Virginia, which is within the Eastern District of Virginia, not the Eastern District of New York. And respondent has submitted the Standard Operating Procedures of the Office of the Clerk for the BIA which indicate that, once an appeal is decided, the record on appeal is returned to the immigration court. Here, then, petitioner's "immigration record" should be in the Western District of Louisiana. After consideration of all of the submissions, and concluding that there is no basis for venue in this district, this petition will be transferred to the Western District of Louisiana.

The court also notes that district courts have no jurisdiction over citizenship claims in the context of a final order of removal because, where there is an order of removal, a petitioner may have a nationality claim decided only as provided in 8 U.S.C. § 1252(b)(5). Under that section of the statute, review of nationality claims in the context of removal orders must occur, in the first instance, in the courts of appeals. *Taniguchi v. Schultz*, 303 F.3d 950, 955–56 (9th Cir.2002); *Alvarez–Garcia v. United States*, 234 F.Supp.2d 283, 289 (S.D.N.Y. 2002). However, given the lack of venue in this court, I transfer petitioner's petition, leaving it to the Western District of Louisiana to determine whether to transfer petitioner's citizenship claim to the Court of Appeals for the Fifth Circuit.

### Conclusion

For the above stated reasons, petitioner's petition is hereby transferred to the Western District of Louisiana. The Clerk of Court is directed to forward the file to the Clerk of Court for the Western District of Louisiana, and to remove the case from the docket of this court. The stay of deportation entered on November 14, 2002 is continued until further action of the District Court for the Western District of Louisiana.

**SO ORDERED.**