**Thanh Van GIAP, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 03 Civ.1653 VM.**

United States District Court, S.D. New York.

March 24, 2004.

Thanh Van Giap, Upstate Correctional Facility, Malone, NY, pro se.

James Loprest, Sp. Asst. U.S. Atty., New York City, for defendant.

### DECISION AND ORDER

MARRERO, District Judge.

Petitioner Thanh Van Giap ("Giap"), *pro se*, seeks habeas relief from an order declaring him deportable. Giap's petition raises issues which are largely beyond the Court's jurisdiction, and, to the extent his claims are properly before the Court, they are meritless. The petition is denied.

### I. *BACKGROUND*

Giap was born in Vietnam in August 1972. His father was an American serviceman in the Vietnam war. Giap was admitted to the United States in 1989 as a lawful permanent resident alien. In 1997, a jury in New York City convicted Giap of second-degree murder, for which he was sentenced to 25 years to life in prison. Following that conviction, the Immigration and Naturalization Service ("INS") charged Giap with being deportable as an alien convicted of an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii).

At his removal proceedings, Giap sought protection from deportation under the United Nations Convention Against Torture (the "Convention"). *See* 8 C.F.R. § 208.16 (codifying relevant portions of the Convention). The immigration judge determined that Giap failed to meet his burden to show that Giap would "more likely than not ... be tortured in the country of removal." *Id.* The Board of Immigration Appeals ("BIA") issued a one-sentence order summarily affirming the immigration judge's order. Giap seeks relief from deportation by the present habeas petition.

### II. *DISCUSSION*

■■■ Giap first argues that the immigration judge erred in denying Giap's claim under the Convention. However, habeas review of deportation orders extends only to "statutory or constitutional claim[s]"; it "does not extend to review of factual or discretionary determinations." *Sol v. I.N.S.*, 274 F.3d 648, 651 (2d Cir. 2001); *see also Reyes–Sanchez v. Ashcroft*, 261 F.Supp.2d 276, 292 (S.D.N.Y.2003) ("The BIA's factual determination that Reyes–Sanchez failed to demonstrate that it is more likely than not that he will be tortured if returned to the Dominican Republic is a discretionary decision, and is therefore not reviewable by this Court."). Giap does not argue that the immigration judge made any legal errors in that determination, and thus his claim is not cognizable on habeas review.

■■■ Giap next argues that the BIA's summary order affirming the immigration judge did not qualify as meaningful appellate review. Again, that claim is cognizable on habeas under *Sol* only if it raises a legal question. On a charitable reading of Giap's filing, Giap perhaps intends to challenge the BIA's summary affirmance procedure as a violation of Due Process. The Court agrees with every federal appeals court that has addressed this issue and concludes that such a claim would be meritless. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir.2003); *Georgis v. Ashcroft*, 328 F.3d 962, 967 (7th Cir. 2003); *Mendoza v. U.S. Atty. Gen.*, 327 F.3d 1283, 1288 (11th Cir.2003); *Soadjede v. Ashcroft*, 324 F.3d 830, 831–33 (5th Cir.

2003); *Albathani v. I.N.S.*, 318 F.3d 365, 374–79 (1st Cir.2003); *see also Claros v. Farquharson*, No. 02 Civ. 1308, 2003 WL 21639408, at *6–*7 (D.Conn. July 8, 2003). Although the Second Circuit has yet to address this precise question, the Court notes that the Second Circuit has its own summary affirmance procedure, *see* 2d Cir. Local R. § 0.23, which is presumably consistent with Due Process. Such procedures are "workload management devices" which do not "establish that the required review is not taking place." *Albathani*, 318 F.3d at 379.

Finally, Giap argues that he is not subject to deportation because he is an American citizen. The Court lacks jurisdiction over that claim because the immigration laws set forth a procedure under which the courts of appeals, not the district courts, have jurisdiction to determine citizenship claims of criminal aliens. *See* 8 U.S.C. § 1252(b)(5); *see also Alvarez–Garcia v. United States I.N.S.*, 234 F.Supp.2d 283, 290 (S.D.N.Y.2002). ("Thus, criminal aliens, such as petitioner, are required to bring petitions for review of citizenship and nationality claims in the courts of appeals."). Giap would have to raise this claim with the Second Circuit.

## III.  *ORDER*

For the reasons stated, it is hereby

**ORDERED** that the Thanh Van Giap's petition for a writ of habeas corpus is denied.

The Clerk of Court is directed to close this case.

**SO ORDERED.**