07-0180-ag
Picca v. Mukasey

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

———————————

August Term, 2007

(Submitted: December 6, 2007                              Decided: January 9, 2008 )

Docket No. 07-0180-ag

———————————

CLAUDIO ARTURO PICCA, ALSO KNOWN AS CLAUDIA PICCA,

*Petitioner,*

—v.—

MICHAEL B. MUKASEY, ATTORNEY GENERAL OF THE UNITED STATES,[1]

*Respondent.*

———————————

Before:

STRAUB and HALL, *Circuit Judges*, and HAIGHT, *District Judge.*[2]

———————————

Petition for review of a final decision of the Board of Immigration Appeals ("BIA") dismissing petitioner's appeal from an immigration judge's order of removal. Because the agency failed to follow its own regulations designed to safeguard an immigrant's right to counsel, the petition is granted, the BIA's order is vacated, and the case is remanded for further proceedings.

———————————

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

[2]Honorable Charles S. Haight, Jr., of the United States District Court for the Southern District of New York, sitting by designation.

H. RAYMOND FASANO, Madeo & Fasano, New York, New York, *for Petitioner*.

MARGARET KUEHNE TAYLOR, Attorney, Civil Division, Office of Immigration Litigation, U.S. Department of Justice (Peter D. Keisler, Assistant Attorney General, Civil Division, David V. Bernal, Assistant Director, Civil Division, Office of Immigration Litigation, *on the brief*), Washington, D.C., *for Respondent*.

_____

STRAUB, *Circuit Judge*:

Petitioner Claudio Arturo Picca seeks review of an order of the Board of Immigration Appeals ("BIA"), issued on December 19, 2006, dismissing his appeal from the August 30, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson ordering Picca removed to Italy and denying all relief. *In re Claudio Arturo Picca,* No. A30 513 652 (B.I.A. Dec. 19, 2006), *aff'g* No. A30 513 652 (Immig. Ct. Napanoch Aug. 30, 2006). In his petition, Picca argues that the agency failed to follow its own guidelines regarding the right to counsel in removal proceedings. We agree, and accordingly grant the petition for review, vacate the BIA's order, and remand the case to the BIA for further proceedings consistent with this opinion.

**I. Background**

Picca, a citizen of Italy, was admitted to the United States as a lawful permanent resident in September 1970, when he was nine years old. He lived in the United States without incident for thirty-five years, married a United States citizen, and now has three children, all of whom are United States citizens. In September 2005, Picca was convicted in New York state court of one count of attempted sale of a controlled substance in the third degree (namely, heroin), and sentenced to an indeterminate term of incarceration of between three and six years.

Four months later, on January 17, 2006, the Department of Homeland Security served Picca with a "Notice to Appear," charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), which renders deportable any alien convicted of an aggravated felony, and 8 U.S.C. § 1227(a)(2)(B)(i), which renders deportable any alien who is convicted of a crime "relating to a controlled substance" other than a single offense involving possession of small quantities of marijuana. The Notice to Appear included a paragraph with the heading "**Representation**" that stated:

> If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

The "Certificate of Service" in the administrative record indicates that the Notice to Appear was served "by regular mail," and that there was attached "a list of organizations and attorneys which provide free legal services," although no such list appears in the administrative record.

When Picca first appeared before an IJ, on March 24, 2006, he appeared pro se, via teleconference from the detention facility where he was serving his prison sentence. (All of his subsequent appearances were also via teleconference from the detention facility.) After the IJ told him that he had "the right to be represented by a lawyer," Picca said that he was "in the process of getting one," and the IJ then adjourned the proceeding. Picca appeared before an IJ a second time on May 5, 2006, this time represented by an attorney. Picca conceded removability based on his drug conviction, but he said that he intended to seek withholding of removal

3

pursuant to 8 U.S.C. § 1231(b)(3) and relief under the Convention Against Torture. In order to give Picca's attorney an opportunity to submit an application for relief, the IJ again adjourned the proceeding.

At his next appearance, on June 2, 2006, Picca's attorney was initially unavailable, and when he finally joined the teleconference, he asked for an additional continuance to give him time to speak with Picca's uncle prior to submitting Picca's application for relief. The IJ granted the adjournment. On July 28, 2006, Picca appeared before an IJ for the fourth time. Picca's counsel, however, immediately informed the IJ that he was withdrawing from his representation of Picca. The IJ then granted one "last" continuance in order for Picca to "get another lawyer."

Picca appeared before an IJ for a final time on August 30, 2006. In advance of the hearing, Picca's wife submitted a letter, dated July 23, 2006, stating that their family did "not have the funds to keep paying the large sums of money that is needed for each hearing." When the hearing began, the IJ, without stating whether she had reviewed the letter, asked Picca whether he had an attorney. Picca replied: "[T]he last time I was he[re], he dropped off the case." The IJ then proceeded to hold the hearing, found Picca ineligible for any relief, and entered an order of removal.

Picca appealed this decision to the BIA on the ground that he was denied due process because he was not represented by counsel. The BIA dismissed the appeal, reasoning that Picca "was given numerous opportunities to obtain counsel" and that even if his due process rights were violated, "he [] failed to show the requisite prejudice because he has not demonstrated any eligibility for relief from removal."

4

**II. Discussion**

Because Picca challenges the BIA's application of law to fact—namely, whether his due process right to counsel was violated during his proceedings before the IJ—our review is de novo. *Yi Long Yang v. Gonzales*, 478 F .3d 133, 141 (2d Cir. 2007); *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

We have noted on numerous occasions that because "immigration cases are civil, not criminal, proceedings[,] . . . [a]n asylum applicant . . . enjoys no specific right to counsel, but only a general right to due process of law under the Fifth Amendment of the Constitution." *Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 46 (2d Cir. 2005); *see also Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 241 (2d Cir. 1992). "Nonetheless, the Due Process clause and the Immigration and Nationality Act afford[] an alien the right to counsel of his own choice at his own expense." *Montilla v. INS*, 926 F.2d 162, 166 (2d Cir. 1991); *see also Hidalgo-Disla v. INS*, 52 F.3d 444, 447 (2d Cir. 1995); 8 U.S.C. § 1362.

The government has adopted various regulations in order to give procedural safeguard to this right to counsel. *See* 8 U.S.C. § 1229a(b)(4)(A) (directing the Attorney General to adopt regulations ensuring that "the alien shall have the privilege of being represented, at no expense to the Government, by counsel of the alien's choosing who is authorized to practice in such proceedings"). Regulations in effect at the time of Picca's removal hearing required that the IJ, *inter alia*: (1) "[a]dvise the respondent of his or her right to representation, at no expense to the government"; (2) "[a]dvise the respondent of the availability of free legal services provided by organizations and attorneys . . . located in the district where the removal hearing is being held";

and (3) "ascertain that the respondent has received a list of such programs." 8 C.F.R. § 1240.10(a) (2003).

In *Montilla v. INS*, we held that the failure of the IJ to follow these established procedures can constitute "reversible error," without a showing of prejudice, because, among other reasons, the right to counsel concerns "fundamental notions of fair play underlying the concept of due process," and "remand[ing] for agency compliance with its own rules would actively encourage such compliance." *Montilla*, 926 F.2d at 167, 169; *see also Waldron v. INS*, 17 F.3d 511, 517 (2d Cir. 1994) ("[*Montilla*'s no prejudice rule] addresses itself to the INS's failure to adhere to its own regulations concerning an alien's right to counsel, which, as even the INS recognizes, is a fundamental right derived from the Sixth Amendment right to counsel in criminal cases and the Fifth Amendment right to due process in civil cases, and enshrined in section 292 of the Act, 8 U.S.C. § 1362." (internal quotation marks omitted)). Accordingly, to warrant remand, all a petitioner need show is that "the subject regulations were for the alien's benefit and that the INS failed to adhere to them." *Montilla*, 926 F.2d at 169.[3]

Here, it is evident that the regulations set forth in 8 C.F.R. § 1240.10(a) were designed for the benefit of immigrants, such as Picca, who may be unaware of their right to counsel or the existence of legal services organizations that might be able to provide counsel at little or no cost, and that the agency failed to adhere to these regulations. At his first hearing, on March 24, 2006, Picca was not represented by counsel. Though the IJ asked Picca if he wanted to be represented

---

[3]The government concedes that in light of *Montilla*, Picca need not demonstrate prejudice in order to obtain relief.

6

(and then adjourned the proceedings to allow Picca time to obtain counsel), the IJ did not, at that time or during any subsequent hearing, explain that free legal services may be available, nor did the IJ ensure or "ascertain" that Picca had received a list of such services. While Picca was represented by counsel at his next two hearings (both of which were cursory affairs that simply led to further continuances), at his final hearing, when the substance of his case was at issue and he was ultimately ordered removed, he was unrepresented. At that final hearing, the IJ, upon learning that Picca's attorney had "dropped off the case," proceeded to adjudicate Picca's claims without telling Picca that he had a right to be represented or informing him of the existence of free legal services. The IJ's failure to do so was especially notable because the letter from Picca's wife indicated that Picca likely would have taken advantage of free legal services if made aware of their existence.

The government argues that the series of adjournments provided to Picca was sufficient under *Hidalgo-Disla*, 52 F.3d 444, to have provided notice of the right to counsel. However, in *Hidalgo-Disla*, it was clear that the IJ complied with the immigration regulations by specifically telling the petitioner that "you have the right to have an attorney represent you at no expense to the Government. Previously, you should have received—well, at this time, we'll give you a copy of the legal aid list which is a list of attorneys in the area that may be willing to assist you for little or no fee." *Id.* at 445. There is no such evidence or indication of compliance with 8 C.F.R. § 1240.10 in the record here, and that failure is not remedied by the fact that Picca's case had been adjourned on multiple occasions.

The government also argues that the agency complied with 8 C.F.R. § 1240.10 by

7

including with Picca's Notice to Appear a list of qualified organizations and attorneys that provide free legal services. However, even assuming that Picca received such a list (though as noted above, it does not appear in the administrative record), 8 C.F.R. § 1240.10(a) requires more than simply including this list in a mailing. That regulation specifically states that "[i]n a removal proceeding, the *immigration judge* shall . . . [a]dvise the respondent of the availability of free legal services . . .; [and] [a]scertain that the respondent has received a list of such programs." 8 C.F.R. § 1240.10(a) (emphasis added). This language makes plain that it is the *IJ* who must advise immigrants of the availability of free legal services during the removal proceeding. *See Montilla*, 926 F.2d at 166 (noting that the regulations then in effect, which were substantively identical to those at issue here, required that immigrants "be given a list of available free legal services *at the deportation hearing*" (emphasis added)). And, of course, appending a list of legal service organizations to a Notice to Appear cannot substitute for the requirement that the IJ "[a]scertain that the respondent has received a list of such programs." 8 C.F.R. § 1240.10(a)(3).

**III. Conclusion**

Because the agency failed to adhere to the requirements of 8 C.F.R. § 1240.10(a) in ordering Picca's removal, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this opinion. Having granted the petition for review, Picca's pending motion for a stay of deportation in this petition is DISMISSED as moot.