Johnny RUIZ, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–2568–ag.

United States Court of Appeals, Second Circuit.

April 7, 2008.

Robert F. Belluscio, Flushing, NY, for Petitioner.

Scott Rempel, Trial Attorney, Office of Immigration Litigation (Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Linda Wernery, Assistant Director, on the brief), United States Department of Justice, Washington, D.C., for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Johnny Ruiz, a native and citizen of Colombia, seeks review of a May 17, 2007 order of the BIA affirming the September 19, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla, denying his request for a continuance. *In re Johnny Ruiz*, No. A 76 573 445 (B.I.A. May 17, 2007), *aff'g* No. A 75 933 297 (Immig. Ct. N.Y. City, September 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When, as here, the BIA agrees with the IJ's conclusion and closely tracks the IJ's reasoning, for the sake of completeness, we review both the BIA's and the IJ's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We have jurisdiction to review an IJ's denial of a continuance, and "we conduct that review under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006) (citing *Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir.2006)). *See also Pedreros v. Keisler*, 503 F.3d 162, 164 (2d Cir.2007) (per curiam). An IJ may grant a continuance for "good cause shown." 8 C.F.R. § 1003.29. "IJs are accorded wide latitude in calendar management, and we will not micromanage their scheduling decisions any more than when we review such decisions by district judges." *Morgan*, 445 F.3d at 551. "An IJ would, however, abuse his discretion in denying a continuance if (1) his decision rests on an error of

law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 551–52 (internal quotation marks and alterations omitted).

■ Ruiz argues that the IJ exceeded his allowable discretion in denying Ruiz's request for a continuance to supplement his application for cancellation of removal and file an application for adjustment of status. In particular, Ruiz argues that the IJ erred in finding that Ruiz was convicted of a controlled substance offense pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II) because Ruiz's New York State conviction for criminal possession of a controlled substance in the seventh degree, a misdemeanor, was silent as to the possessed substance.

An alien is not eligible for cancellation of removal if he has been convicted of an offense under section 1182(a)(2)(A)(i)(II). *See* 8 U.S.C. § 1229b(b)(1)(C). Likewise, an alien is not eligible for adjustment of status to that of permanent resident if he is inadmissible under section 1182(a)(2)(A)(i)(II). *See* 8 U.S.C. § 1255(i)(2). Pursuant to section 1182(a)(2)(A)(i)(II), "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance [as defined in 21 U.S.C. § 802], is inadmissible." 8 U.S.C. § 1182(a)(2)(A)(i)(II). Cocaine is defined as such a "controlled substance." 21 U.S.C. §§ 802(6), 812 (Schedule II(a)(4)).[2] An alien is only eligible for a

---

**2.** Ruiz bore the burden of establishing that he is "clearly and beyond doubt entitled to be admitted and is not inadmissible under [8

U.S.C. § 1182]." 8 U.S.C. § 1229a(c)(2)(A); *see also* 8 U.S.C. § 1255(a); *Ruiz–Almanzar v. Ridge*, 485 F.3d 193, 197 (2d Cir.2007) (not-

waiver of inadmissibility under this provision where the grounds for inadmissibility relate "to a single offense of simple possession of 30 grams or less of marijuana." 8 U.S.C. § 1182(h).

The agency did not exceed its allowable discretion in finding that Ruiz failed to establish good cause for a continuance based on the conclusion that Ruiz could not establish statutory eligibility for adjustment of status or for cancellation of removal due to his controlled substance conviction. The IJ appropriately relied on the Transcript of Record in combination with Ruiz's charging documents obtained from the Suffolk County District Court to determine Ruiz's conviction. *See* 8 U.S.C. § 1229a(c)(3)(B) (listing documents in record of conviction IJ may rely on to determine a conviction); *see also Wala v. Mukasey*, 511 F.3d 102, 107 (2d Cir.2007) (stating that "we may refer to the 'record of conviction' to ascertain" petitioner's conviction); *Dickson v. Ashcroft*, 346 F.3d 44, 54 (2d Cir.2003) (noting that there are many readily available and reliable documents that properly are considered part of the record of conviction, such as the judgment of conviction or the plea colloquy transcript). These documents showed that Ruiz was charged with three counts:

- one count of criminal possession of a controlled substance—cocaine—in the third degree with intent to sell it, a felony pursuant to New York Penal Law (N.Y.P.L.) § 220.16;
- one count of criminal possession of a controlled substance in the fifth degree, when he knowingly and unlawfully possesses more than five hundred milligrams or more of cocaine, a felony pursuant to N.Y.P.L. § 220.06; and

- one count of criminal possession of marijuana, a misdemeanor pursuant to N.Y.P.L. § 221.10.

The three charges were then dismissed when Ruiz pled guilty to section 220.03 of the N.Y.P.L. for "criminal possession of a controlled substance in the seventh degree ... a class A misdemeanor."

Based on these documents, the IJ found that Ruiz was convicted of a controlled substance offense involving cocaine. The charging documents specified two drugs, cocaine and marijuana. As defined by the N.Y.P.L., Ruiz's plea for possession of a "controlled substance," by its terms did not include marijuana. N.Y.P.L. § 220.00. Section 220.03 of the N.Y.P.L. states that "[a] person is guilty of criminal possession of a controlled substance in the seventh degree when he knowingly and unlawfully possesses a controlled substance." And, section 220.00 of the N.Y.P.L. defines a "controlled substance" as "any substance listed in schedule I, II, III, IV or V of section thirty-three hundred six of the public health law *other than marihuana*." N.Y.P.L. § 220.00(5) (emphasis added). Thus, the IJ's finding was not erroneous, and Ruiz's argument that the IJ exceeded his allowable discretion in denying his continuance so that he could pursue or a waiver under 8 U.S.C. § 1182(h) for possession, of marijuana is also unavailing,

■ Ruiz also argues that the failure to grant the continuance denied him due process by denying him and his newly-retained attorney an opportunity to meaningfully prepare for the hearing. Ruiz argues, in particular, that his counsel was at a disadvantage because he had yet to receive petitioner's file from former coun-

ing that "applicants for adjustment of status are assimilated to the position of aliens seeking entry into this country[;] ... such applicants, like aliens seeking entry, must show

that they are eligible for admissibility [under 8 U.S.C. § 1182]" (citation and internal quotation marks and alterations omitted)).

sel and to receive a response to his Freedom of Information ("FOIA") request. In reviewing a challenge to the BIA's application of law to fact—namely, whether his due process right to counsel was violated during his proceedings before the IJ—our review is de novo. *Yi Long Yang v. Gonzales,* 478 F.3d 133, 141 (2d Cir.2007); *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

"[T]he Due Process clause and the Immigration and Nationality Act afford[ ] an alien the right to counsel of his own choice at his own expense." *Montilla v. INS,* 926 F.2d 162, 166 (2d Cir.1991); *see also Hidalgo–Disla v. INS,* 52 F.3d 444, 447 (2d Cir.1995); 8 U.S.C. § 1362. The government has adopted various regulations in order to give procedural safeguard to this right to counsel. *See* 8 U.S.C. § 1229a(b)(4)(A); 8 C.F.R. § 1240.10(a) (the IJ shall, *inter alia,* "[a]dvise the respondent of his or her right to representation, at no expense to the government").

Ruiz, however, does not point to a specific regulation that the IJ failed to follow regarding this right to counsel. In fact, it is clear that Ruiz was advised of his right to representation, was able to secure representation, and that his original counsel and counsel that was present at the hearing had the opportunity to submit various requests for relief with the IJ over the ten months the case was pending. Instead, Ruiz's argument essentially repackages the argument that the IJ exceeded his allowable discretion in denying the continuance. Ruiz's right to relief was speculative at best, and Ruiz fails to point to anything that his new attorney could have discovered in the files that would have changed the outcome of his case.[3] "Although an alien in deportation proceedings is entitled to due process of law, we remain mindful that those proceedings are meant 'to provide a streamlined determination of eligibility to remain in this country, nothing more.'" *Morgan,* 445 F.3d at 552 (citing *Reno v. Flores,* 507 U.S. 292, 306, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993) and quoting *INS v. Lopez–Mendoza,* 468 U.S. 1032, 1039, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984)) (holding that petitioner found no support in the Due Process Clause for his asserted right to a continuance because nothing in the record suggested he had been denied a full and fair opportunity to present his claims). The record reflects that Ruiz was afforded ample time over ten months to fully and fairly present his case. Thus, denial of the continuance was not an abuse or discretion, much less a denial of due process. *See Elbahja v. Keisler,* 505 F.3d 125, 129 (2d Cir.2007) (holding that "it does not constitute an abuse of discretion for an IJ to decline to continue a removal proceeding in order to permit adjudication of a removable alien pending labor certification" as petitioner's "eligibility for adjustment of status was . . . speculative at best").

For the foregoing reasons, the petition for review is DENIED. As we have com-

---

3. Ruiz also claims that the IJ exceeded his allowable discretion in denying his request for a continuance in light of a pending Petition for Amerasian, Widow(er), or Special Immigration ("Battered Spouse Petition"), which counsel apparently obtained via the FOIA request. The Battered Spouse Petition, was, as petitioner acknowledges, not part of the administrative record and thus we cannot consider it. *See* 8 U.S.C. § 1252(b)(4)(A). To the extent Ruiz claims that his counsel was denied an opportunity to prepare for the hearing based on counsel's inability to obtain a copy of this petition, this argument is without merit. Even now that counsel has had sufficient time to review the petition, Ruiz failed to make any arguments about how he would have been able to meaningfully prepare for the hearing had he known about the petition. In any case, Ruiz was ineligible for any such relief due to his controlled substance conviction. *See* 8 U.S.C. 1229b(b)(2)(A)(iv).

pleted our review, the previously granted stay of removal in this petition is VACATED.