10-1791-ag
Hill v. Holder

BIA
Reid, IJ
A046 634 748

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of January, two thousand twelve.

Present:
        RALPH K. WINTER,
        PETER W. HALL,
                *Circuit Judges.*
        ALVIN K. HELLERSTEIN,[*]
                *District Judge.*

_____

DAVID ABASHIE HILL,
        *Petitioner*,

        v.                          No. 10-1791-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

---

[*] The Honorable Alvin K. Hellerstein, District Judge for the United States District Court for the Southern District of New York, sitting by designation.

FOR PETITIONER:        DAVID ABASHIE HILL, *pro se*, Rochester, New York.

FOR RESPONDENT:        DON G. SCROGGIN, Trial Attorney, Office of Immigration Litigation (Blair T. O'Connor, Assistant Director, *on the brief*), *for* Tony West, Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, D.C.

_____

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner David Abashie Hill, a native and citizen of Jamaica, seeks review of an April 23, 2010, order of the BIA affirming the February 9, 2010, decision of Immigration Judge ("IJ") John B. Reid, who ordered Hill removed from the United States. *In re David Abashie Hill*, No. A046 634 748 (B.I.A. Apr. 23, 2010), *aff'g* No. A046 634 748 (Immig. Ct. Batavia, N.Y. Feb. 9, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Although federal courts generally lack jurisdiction to review final orders of removal as to an alien deemed removable based on a prior conviction for an aggravated felony, *see* 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review constitutional claims or questions of law, 8 U.S.C. § 1252(a)(2)(D). However, because Hill does not directly challenge the agency's conclusion that his conviction was an aggravated felony or that he was not eligible for

2

relief from removal, we do not address those issues.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

Hill argues that the IJ abused his discretion by denying Hill's motion for a continuance of his removal proceedings so that he could seek to hire counsel.  We have jurisdiction to address this argument because an alien's access to counsel raises due process concerns.  *See Picca v. Mukasey*, 512 F.3d 75, 78 (2d Cir. 2008).  IJs have "wide latitude in calendar management," and we review their denial of continuances "under a highly deferential standard of abuse of discretion."  *Morgan v. Gonzales*, 445 F.3d 549, 550 (2d Cir. 2006).  The IJ here had already granted Hill three prior continuances so that he might hire counsel.  Nothing in the record, therefore, suggests that the IJ's decision to deny a fourth continuance was an abuse of discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 200 (2d Cir. 2006).

Hill also challenges the validity of his 2006 state robbery conviction—which rendered him removable—on the ground that his attorney failed to advise him of the immigration consequences of his guilty plea.  Assuming this is true, Hill raises a plausible constitutional claim.  *See Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).  We have made it clear, however, that such a claim may not be asserted in the first instance in a petition of review of a BIA decision. *See Lanferman v. BIA*, 576 F.3d 84, 88 (2d Cir. 2009) ("Collateral attacks [on a guilty plea] are not available in a . . . petition challenging the BIA's removal decision." (internal quotation marks

omitted)).[1] Accordingly, the agency did not err by finding Hill removable based on his criminal conviction.[2]

Finally, assuming, *arguendo*, that the IJ had an affirmative obligation to inform Hill of his eligibility for relief from removal, the IJ correctly advised Hill that he was not eligible for any form of relief. Hill was not eligible for cancellation of removal under Immigration and Nationality Act ("INA") § 212(c) because his criminal conviction occurred after 1997, *see* 8 C.F.R. § 1212.3(h)(3); *INS v. St. Cyr*, 533 U.S. 289 (2001); he was not eligible for adjustment of status because no visa was available to him, *see* 8 U.S.C. § 1255(a); and he was not eligible for a waiver of removal under INA § 212(h), cancellation of removal under § 240A, or voluntary departure because he was an aggravated felon, *see* 8 U.S.C. §§ 1182(h), 1229b(a); 8 C.F.R. § 1240.56. Finally, with respect to eligibility for asylum, withholding of removal, or relief under the Convention Against Torture, Hill's allegation that he has no family in Jamaica fails to demonstrate that he would be persecuted or tortured if returned to that country. *See*

---

[1] Additionally, that Hill may have an arguable basis upon which to attack his guilty plea does not alter the finality of his criminal conviction insofar as it may affect his immigration status. *See Paredes v. Att'y Gen. of the U.S.*, 528 F.3d 196, 198-99 (3d Cir. 2008) (holding that the pendency of a post-conviction motion or other form of collateral attack on a criminal conviction does not negate the finality of that conviction for immigration removal purposes); *accord Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 (10th Cir. 2011); *United States v. Garcia-Echaverria*, 374 F.3d 440, 445-46 (6th Cir. 2004).

[2] We express no opinion as to the merits of any challenge Hill could bring to his state conviction under *Padilla*, 130 S. Ct. 1473, whether as a habeas action, a writ of *audita querela*, a writ of error *coram nobis*, or on some other ground. We note only that it is an open question in this circuit whether the rule articulated in *Padilla* applies retroactively and that our sister circuits have reached divergent conclusions on this issue. *Compare United States v. Orocio*, 645 F.2d 630, 640-42 (3d Cir. 2011) (holding that *Padilla* is retroactively applicable on collateral review), *with Chaidez v. United States*, 655 F.3d 684, 687-94 (7th Cir. 2011) (holding that *Padilla* announced a "new rule" under *Teague v. Lane*, 489 U.S. 288 (1989), and, as such, does not apply retroactively).

*Ramsameachire v. Ashcroft*, 357 F.3d 169, 178, 184 (2d Cir. 2004). Hill has not identified any other form of relief for which he might be eligible. In sum, the agency did not abuse its discretion by denying Hill's request for a continuance, by finding him removable, or by finding that he was ineligible for relief from removal.

The petition for review is therefore DENIED. As we have completed our review, the pending motion for a stay of removal in connection with this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5