**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| RAUL PABLO, AKA Mario Pablo Calmo, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-72107 17-73485 Agency No. A205-023-841 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 4, 2020
San Francisco, California

Before:  SILER,** WARDLAW, and M. SMITH, Circuit Judges.

Raul Pablo Calmo, a native and citizen of Guatemala, petitions for review of

the order of the Board of Immigration Appeals (BIA) affirming the Immigration

Judge (IJ)'s denial of his applications for asylum, withholding of removal, and

Convention Against Torture relief.  He separately petitions for review of the BIA's

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We grant the first petition because the IJ failed to ascertain whether Pablo was aware of the availability of pro bono legal services in violation of applicable regulations, and the BIA further erred by overlooking this violation.

Respondents in removal proceedings have a statutory right to counsel. 8 U.S.C. § 1362. In furtherance of this statutory right, regulations require the IJ to "advise the respondent of the availability of pro bono legal services . . . and ascertain that the respondent has received a list of such pro bono legal service providers." 8 C.F.R. § 1240.10(a)(2); 8 C.F.R. § 1003.61(b) (The "List of Pro Bono Legal Service Providers . . . shall be provided to individuals in removal and other proceedings before an immigration court."). Where the IJ fails to adhere to these requirements, the petitioner is entitled to a new removal hearing without any separate showing of prejudice. *See Montes-Lopez v. Holder*, 694 F.3d 1085, 1093 (9th Cir. 2012); *see also Zuniga v. Barr*, 946 F.3d 464, 471 n.10 (9th Cir. 2019).

Although Pablo was previously represented by counsel, he was unrepresented at his final hearing, the critical stage of proceedings when the substance of his case was at issue. Yet the IJ never advised Pablo of the availability of free legal services nor verified that Pablo had received the List of Pro Bono Legal Services Providers. This failure was stark in light of Pablo's clear statement to the IJ that he was proceeding on his own only because he could not

2

afford an attorney. In these circumstances, the IJ's failure to advise Pablo of the availability of free legal services effectively denied him the statutory right to counsel. *Cf. Picca v. Mukasey*, 512 F.3d 75, 78–79 (2d Cir. 2008) (remanding case where the IJ failed to advise an indigent petitioner of the availability of free legal services after his attorney withdrew). Under binding circuit precedent, this alone is sufficient to warrant a new hearing. *Montes-Lopez*, 694 F.3d at 1093.

In its answering brief, the government ignored binding circuit precedent treating an IJ's conduct that denies a respondent his right to counsel as itself sufficient to warrant a new hearing in which a respondent's right to counsel is honored. At oral argument, the government argued for the first time that a list of free legal service providers was attached to the notice to appear and notice of hearing served on Pablo several years before his merits hearing. However, no such list of legal service providers appears in the record. We doubt that an attachment to a notice to appear or notice of hearing excuses the IJ's obligations under 8 C.F.R. §§ 1240.10 and 1003.61. *Cf. Picca*, 512 F.3d at 79–80. In any event, the government waived this argument by failing to raise it in its answering brief.[1] *See*

---

[1]In a letter filed after oral argument under Federal Rule of Appellate Procedure 28(j), the government contends that it could not have waived any argument regarding the regulatory violation because Pablo failed to cite directly to 8 C.F.R. § 1240.10(a)(2) in his opening or reply briefs. Pablo's opening brief, however, plainly argued that the IJ violated regulations requiring the IJ to ensure that Pablo had received a list of pro bono legal service providers and that the proper remedy was remand. In response, the government's answering brief argued

*United States v. McEnry*, 659 F.3d 893, 902 (9th Cir. 2011) (treating an argument that the government failed to raise in its answering brief as waived).

Because the IJ failed to adhere to the requirements of 8 C.F.R. §§ 1240.10(a) and 1003.61(b), the petition for review of the BIA's dismissal of Pablo's appeal is **GRANTED**, the decision of the BIA is **VACATED**, and the case is **REMANDED** for a new hearing. We deny Pablo's petition for review of the BIA's denial of the motion to reopen given our resolution of the first petition. We decline to consider the parties' remaining arguments on appeal.

---

only that Pablo had voluntarily chosen to represent himself. What is more, in an earlier 28(j) letter, the government specifically responded to "Petitioner's argument that . . . the [IJ] did not provide him with a list of legal service providers in accordance with 8 C.F.R. § 1240.10(a)," but argued only that Pablo could not establish prejudice. *See* Government's February 21, 2020 28(j) Letter, Dkt. 47. The government was clearly aware of Pablo's regulatory claim, but it did not contend that Pablo had in fact received the required list until oral argument.