Kohn v. Barr

BIA
Sagerman, IJ
A208 910 337

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty.

PRESENT:
> PIERRE N. LEVAL,
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

DOVID KOHN, AKA AVRAHAM PERL, AKA ABRHAM PERL, AKA ABRHAM PERL KOHN,

> *Petitioner,*

> v.                                    18-3612

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:          Thomas E. Moseley, Newark, NJ.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Carl McIntyre, Assistant Director; Robert D. Tennyson, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dovid Kohn, a native and citizen of Israel, seeks review of a November 8, 2018, decision of the BIA affirming a May 8, 2018, decision of an Immigration Judge ("IJ") ordering his removal. *In re Dovid Kohn,* No. A 208 910 337 (B.I.A. Nov. 8, 2018), *aff'g* No. A 208 910 337 (Immig. Ct. Napanoch N.Y. May 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review constitutional claims and questions of law de novo. *See Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

I.   The Agency's Jurisdiction

In *Pereira v. Sessions*, the Supreme Court held that the Immigration and Nationality Act requires a notice to appear to include a hearing time and place to trigger the "stop-time rule," 138 S. Ct. 2105, 2113–20 (2018), which cuts off an alien's accrual of physical presence or residence for the purposes of qualifying for cancellation of removal, *see* 8 U.S.C. § 1229b(a), (b), (d)(1). Kohn did not apply for cancellation of removal, and the stop-time

2

rule had no bearing on this case; nevertheless, Kohn argues that Pereira requires us to conclude that his notice to appear was insufficient to vest the immigration court with jurisdiction over his removal proceedings because it did not specify the time and place of his hearing. In *Banegas Gomez v. Barr*, we rejected that argument, holding that *Pereira* addresses a narrow question regarding the stop-time rule and does not "void *jurisdiction* in cases in which an NTA omits a hearing time or place." 922 F.3d 101, 110 (2d Cir. 2019). We noted that the regulation vesting jurisdiction does not require a notice to appear to specify the time and date of the initial hearing "so long as a notice of hearing specifying this information is later sent to the alien." *Id.* at 112 (quotation marks omitted).

Kohn argues that *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), casts doubt on *Banegas Gomez* because it holds that courts should only give *Auer* deference to an agency's interpretation after they have exhausted all other tools of construction. But *Banegas Gomez* was not based on *Auer* deference to the BIA's interpretation; rather, we decided the case on the plain language of the statute and regulations, while noting that our conclusion was "reinforced by the BIA's precedential opinion." 922 F.3d at 111. Accordingly, *Kisor* does not affect our holding in *Banegas Gomez*. Because the IJ had jurisdiction over Kohn's removal proceedings, we turn to the merits of his other arguments.

## II.  Abuse of Discretion/Continuance

Kohn next argues that the agency abused its discretion in not granting an additional continuance to allow him to find representation.  An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and is "accorded wide latitude in calendar management." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006).  The denial of a continuance is an abuse of discretion only if the IJ's decision is founded in "an error of law[,] . . . a clearly erroneous factual finding[,] . . . or cannot be located within the range of permissible decisions." *Id.* at 551–52 (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).

Noncitizens in removal proceedings have the statutory and regulatory privilege of representation.  *See* 8 U.S.C. § 1229a(b)(4)(A); *see also* 8 C.F.R. § 1003.16. To "meaningfully effectuate" this privilege, an IJ "must grant a reasonable and realistic period of time to provide a fair opportunity for a respondent to seek, speak with, and retain counsel." *Matter of C-B-*, 25 I. & N. Dec. 888, 889 (BIA 2012).  Here, the IJ granted one continuance for Kohn to obtain counsel and did not abuse his discretion in denying a second continuance.

Regarding the first continuance, the IJ informed Kohn that he would have "three months to find an attorney" and that if he failed to do so, he would be "required to represent [himself]." CAR at 98.  Kohn confirmed his understanding of the IJ's ruling.  Three

4

months is unquestionably a "reasonable and realistic period of time," *Matter of C-B-*, 25 I. & N. Dec. at 889, within which to seek and obtain counsel. *Cf. Hidalgo-Disla v. INS*, 52 F.3d 444, 445-47 (2d Cir. 1995).

At the second hearing Kohn appeared without counsel but stated that he had hoped to "meet someone . . . at court." CAR at 105. The IJ informed Kohn that the court had not received any filings from an attorney on Kohn's behalf and that Kohn would have to represent himself. Although Kohn had hoped to meet counsel, his inability to name the counsel he expected to meet and the absence of any filings by an attorney on Kohn's behalf undercut any good cause for granting a continuance, especially given that the IJ had already afforded him a reasonable and realistic period of time within which to retain counsel. The IJ did not abuse his discretion by denying the second continuance.

Kohn also asserts that the IJ erred in proceeding with the second hearing despite the fact that Kohn did not agree to waive his right to counsel. This argument is meritless; an IJ need not grant indefinite continuances until a noncitizen explicitly waives his right to counsel. *Hidalgo-Disla*, 52 F.3d at 447. In *Hidalgo-Disla*, this Court determined that no express waiver of counsel is required because doing so would allow a noncitizen "seeking to stave off deportation . . . to win an infinite number of adjournments." *Id.* Holding otherwise, moreover, would eviscerate the purpose of deportation hearings — to "provide a streamlined

determination of eligibility to remain in this country." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). An important factor affecting when an IJ can proceed without a waiver is the amount of time that is provided to the non-citizen for obtaining counsel. *See Hidalgo-Disla*, 52 F.3d at 445–47 (finding no error when the IJ proceeded, without express waiver, after granting two continuances totaling 26 days to obtain representation); *but see Montilla v. INS*, 926 F.3d 162, 164, 169–70 (2d Cir. 1991) (finding error when the IJ proceeded, without express waiver, after one 16-day continuance). The IJ here did not err by failing to obtain an express waiver of counsel after Kohn did not obtain an attorney to represent him, despite the fact that he had been given three months to do so, and had been warned by the IJ that he would have to proceed pro se if he did not find counsel for the second hearing.

III. Violation of Internal Regulations

Kohn argues that the agency failed to comply with two of its own regulations that exist for his benefit. An agency's failure to follow its own procedures or regulations can require its action to be invalidated. *United States ex. rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267 (1954) (vacating deportation order where Attorney General did "precisely what the regulations forbid him to do: dictat[ed] the Board's decision"). Following *Accardi*, this Court has held that a noncitizen in deportation proceedings need not make a showing of prejudice when claiming that the government "has failed to adhere to its own regulations regarding the right to

6

counsel." *Montilla v. INS*, 926 F.2d 162, 169 (2d Cir. 1991). To prevail, a noncitizen must show two things: that "the subject regulations were for the alien's benefit and that the [government] failed to adhere to them." *Id.* We must now examine whether (1) the subject regulations were for Kohn's benefit, and (2) if so, whether the agency failed to adhere to them.

   a. <u>8 C.F.R. § 1240.10(a)(2)</u>

Kohn asserts the government failed to adhere to regulations that require IJs to "[a]dvise the respondent of the availability of pro bono legal services for the immigration court location at which the hearing will take place, and ascertain that the respondent has received a list of such pro bono legal service providers." 8 C.F.R. § 1240.10(a)(2). In *Picca v. Mukasey*, 512 F.3d 75 (2d Cir. 2008), we held that a prior version of 8 C.F.R. § 1240.10(a) was "designed for the benefit of immigrants" because it implicates the fundamental right to counsel. *Id.* at 79–80. The regulation, therefore, is for Kohn's benefit.

In *Picca*, we also determined that the IJ violated the regulation by not advising the noncitizen of the availability of free legal services or ascertaining that he had received the list. *Id.* Here, by contrast, the IJ advised Kohn of the availability of pro bono legal service providers and directed Kohn to take the list of providers. Kohn does not dispute that he received such a list. Instead he argues that the list did not include providers that (a) were located in Fishkill, NY, where the removal hearing

7

was held, and (b) that would provide legal services for "cases such as that of Petitioner." Petitioner's Br. at 15.

By Kohn's own admission, however, at least two of the listed providers did not explicitly decline to provide services at his hearing location. The list he received included 14 providers, and only 5 providers limited their services to locations other than Fishkill. The list gave the names of 9 other providers who did not exclude Fishkill as a location where they would represent a non-citizen. Unlike in *Picca*, where the IJ failed to provide any list of pro bono legal service providers to the noncitizen, the IJ here substantially complied with the regulation by giving Kohn a list of providers operating in his state.

Nor is the list deficient because some of the service providers on it did not accept cases like his. The regulation does not require that an IJ provide noncitizens with a list of providers willing to take cases similar to the type presented by the non-citizen petitioner. Rather, the regulation requires only that the IJ advise the noncitizen of "the availability of pro bono legal services for the immigration court location at which the hearing will take place." 8 C.F.R. § 1240.10(a)(2). The factual circumstances of Kohn's case have no bearing on whether the IJ complied with the regulation.

b. 8 C.F.R. § 1003.61(b)

Finally, Kohn argues that the IJ failed to comply with 8 C.F.R. § 1003.61(b), which requires the Director to maintain a

list of pro bono providers "which shall be updated not less than quarterly." 8 C.F.R. § 1003.61(b). Kohn argues that the agency violated this regulation because the list he received at his February 6, 2018 hearing was last updated in October 2017. Even assuming arguendo that the regulation concerns a fundamental right to counsel and is for the benefit of a noncitizen, *Montilla*, 926 F.2d at 169, remand is not required because Kohn has not demonstrated that the Director failed to update the list. The list Kohn received also included a website address at which Kohn could have obtained an updated list. That was sufficient to fulfill any obligations to Kohn the government had under the regulation.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court